Curia, per O’Neall, J.
The circumstances attending the defence entities it to no favor. If it were practicable to sustain the plaintiff’s case, the whole Court would gladly have concurred in such a result.
But the law is too well settled to permit the Court to exercise any discretion. The Stat. 3 & 4 Wm. 4, c. 42, § 11 and 12, has very much modified the English law, (and it is worthy of the attention of our Legislature to consider whether it would not be wise to adopt its provisions;) still, notwithstanding it, it was held, that the acceptor of a bill of exchange, sued by the name of John M. Knott, might demur, for that the declaration did not set out his Christian name, nor assign any reason under the Stat. for not doing so.
That case carries the doctrine farther than we should do here.
But still there is no doubt of the general rule, that the Christian and surnames of the parties must be given truly. It may be, and I think it is true, that a middle name represented by an initial letter will'be sufficient; "indeed there is some room to say, that its omission might not be a misnomer or variance, though I think the weight of authority is that it (the initial letter) should at least be stated. In general, where all the names of a party are known, it is best to give *34 them all, — for then the case becomes exceptione major, and that should always be apleador’s study to attain.
The plaintiff’s Christian name is Andrew Orlando; the initials A. O. are no name at all. To reply that the plaintiff is known by them, as well as his real name, is no answer for him. For he is legally presumed to know at least his own name, and hence he must state it. A defendant sued by a name, and pleading in abatement, that it is not his true name, may very well be answered in the plaintiff’s replication, that he is known by the name sued, as well as the other. For in such a case, the plaintiff is not presumed to know which is the real name.
If the note here had been drawn payable to A. O. Norris, then it is possible the case might have been sustained on the ground that the defendant by his own writing had admitted the name to be in letters; or if the case had been against one who had so signed a contract, in such a case his signature would conclude him from denying the name.
The cases of Martin & Cornwall v. Kelly, and Chappell & Cureton v. Proctor, cited by the plaintiff’s attorney, would be authority for such positions. Still it is advisable, in both these cases'supposed, to set out truly and fully the true name, by saying, where plaintiff, that the note was made and delivered to Andrew Orlando Norris, by the name of A. O. Norris, and where defendant, that Andrew Orlando Norris, by the name of A. 0. Norris, made his certain note in writing, &c.
The motion to reverse the decision below is dismissed.
The whole Court concurred.
Motion refused.